IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-60,603-01






EX PARTE STEVEN BRIAN MEUNIER, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER CR2001-233-1 IN THE 22ND

DISTRICT COURT COMAL COUNTY 



 


 Per curiam.

 

O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of felony driving while intoxicated and sentenced to
imprisonment for fourteen years. His conviction was affirmed on direct appeal in an
unpublished decision. Meunier v. State, No. 03-01-00620-CR (Tex. App.--Austin 2002). 
There was no petition for discretionary review.

 In this application for a writ of habeas corpus, Applicant contends, inter alia, that his
court appointed appellate counsel failed to inform him of his right to file a petition for
discretionary review after the conviction was upheld on direct appeal and did not tell him
what the time-frame was for filing the petition. Applicant has alleged facts which, if true,
would entitle him to an out-of-time petition for discretionary review. See Ex parte Wilson,
956 S.W.2d 25, 27 (Tex. Crim. App. 1997). 

 The trial court has entered findings of fact and conclusions of law addressing this
claim and recommends that relief be granted. It is this Court's opinion, however, that more
information is needed before this Court can render a decision on this ground for review. The
trial court shall provide appellate counsel with an opportunity to respond to Applicant's
claim. 

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
this issue as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal Procedure,
in that the trial court shall order an affidavit from appellate counsel. The trial court may also
order depositions, interrogatories, or hold a hearing. In the appropriate case, the trial court
may rely on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: DECEMBER 14, 2005

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.